Electronically Filed
Intermediate Court of Appeals
30210
29-OCT-2013
08:56 AM

NO. 30210

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JONAH POMAIKALANI MOKULEHUA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(CASE NO. 1DTA-08-10135)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Jonah Pomaikalani Mokulehua (Mokulehua) appeals from the Judgment filed on October 16, 2009, in the District Court of the First Circuit (District Court).[1] Plaintiff-Appellee State of Hawai'i (State) charged Mokulehua with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2012).

The OVUII charge failed to allege an essential element -- that Mokulehua operated his vehicle "upon a public way, street, road, or highway" (public-road element). State v. Wheeler, 121 Hawai'i 383, 392, 219 P.3d 1170, 1179 (2009) (quoting HRS § 291E-1 (2007)). Mokulehua's offense was tried on stipulated facts, which included that Mokulehua's vehicle was

_____

[1] The Honorable William A. Cardwell presided.

stopped by the police at a "roadblock in the Monsarrat Avenue at the Waikiki Shell area[.]" At the close of the State's case-in-chief, Mokulehua moved for judgment of acquittal on the ground that the OVUII charge was defective because it failed to allege the public-road element. He renewed this motion after resting without presenting any evidence. The District Court denied both motions and found Mokulehua guilty as charged of OVUII.

I.

On appeal, Mokulehua argues that: (1) the OVUII charge was defective because it failed to allege the public-road element; and (2) the District Court erred in denying his motion to suppress evidence, which was based on his claim that the roadblock was not legally conducted. Mokulehua contends that his "conviction should be reversed for failure to properly charge or due to illegal roadblock."

In State v. Apollonio, SCWC-11-0000695, slip op., 2013 WL 5574921 (Hawai'i Oct. 10, 2013), the Hawai'i Supreme Court recently held that an excessive speeding charge which omitted the requisite state of mind "cannot be 'reasonably construed to state an offense.'" Id. at 12, 2013 WL 5574921, at *5 (citation and brackets omitted). In that case, defense counsel contended in closing argument that the excessive speeding statute required the State to prove that the defendant recklessly traveled thirty miles per hour faster than the speed limit, and the defendant challenged the sufficiency of the charge for the first time in his application for writ of certiorari to the supreme court. Id. at 6-9 & n.5, 2013 WL 5574921 at *2-3 & n.5. Because the supreme court concluded that the excessive speeding charge could not be reasonably construed to state an offense, it vacated the defendant's conviction and remanded the case with instructions that the case be dismissed without prejudice. Id. at 12-13, 25, 2013 WL 5574921, at *5, 10.

Based on Apollonio, we conclude that Mokulehua's OVUII charge, which omitted the public-road element, could not be reasonably construed to state an offense. We therefore vacate

2

Mokulehua's conviction and remand the case with instructions to dismiss the charge without prejudice. <u>Id.</u> Given our decision on Mokulehua's claim that his charge was defective, we do not address his claim that the District Court erred in denying his motion to suppress evidence.

II.

We vacate the District Court's Judgment and remand the case with instructions to dismiss the OVUII charge without prejudice.

DATED: Honolulu, Hawai'i, October 29, 2013.

On the briefs:

Stuart N. Fujioka
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3